584 A.2d 1378

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas HASHEM, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 1988.

Decided Jan. 9, 1991.

Robert T. Gownley, Jr., Scranton, for appellant.

David M. McGlaughlin, Philadelphia, for amicus—National Assoc. of Criminal Defense Lawyers.

Ernest D. Preate, Jr., Dist. Atty., Ronald W. Costen, Harrisburg, for appellee.

Andrea F. McKenna, Deputy Atty. Gen., LeRoy S. Zimmerman, Atty. Gen., as amicus.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

We granted allocatur in the present case to determine, as a question of first impression, the specific requirements governing the use of information intercepted under the provisions of the Wiretap Act, 18 Pa.C.S. § 5701 et seq., when the crime alleged is different from the targeted criminal activity that formed the basis for the original intercept order. Upon the facts of record and for the reasons following, we are constrained to reverse the Order of the Superior Court, 363 Pa.Super. 111, 525 A.2d 744, which affirmed the Order of the Court of Common Pleas of Lackawanna County, holding that the use of the information obtained did not violate the Act.

The operative facts reveal that, pursuant to a joint investigation of large scale illicit drug distribution in Lackawanna County conducted by the District Attorney's office, the Scranton Police Department and the state Attorney General, orders were obtained from the Superior Court authorizing the investigators to monitor telephone communications made to or from specific telephone numbers for a 21 day period from December 1, 1982 to December 21, 1982. One of those telephone numbers belonged to Michelle Kulick.

The monitoring of her phone spanned a four day period. During that time, approximately 346 calls were intercepted, 134 of which contained evidence of possession or distribution of controlled substances. The substance of one of the calls, however, was unrelated to drugs, but involved a crime nonetheless. On December 17, 1982, a call was placed by Appellant to Ms. Kulick, warning Ms. Kulick of the wiretaps on her phone and on the phones of her associates. Subsequently, Ms. Kulick's voice was intercepted warning another person of the monitoring.

Following termination of the intercept orders, the Commonwealth, timely filed the final report required by § 5712(e) of the Act on May 6, 1983. Neither Appellant's name nor criminal activity were mentioned in the report.

Solely on the basis of information gained through the original intercept, on December 19, 1983, Appellant was arrested and charged with Hindering Apprehension or Prosecution (18 Pa.C.S. § 5105) and Conspiracy (18 Pa.C.S. § 903).

After various continuances, Appellant's preliminary hearing was held on February 8, 1984, with the main evidence presented being the transcripts of the intercepted telephone calls. Prior to the hearing, the Commonwealth had not obtained authorization to disclose the contents of the wiretap, pursuant to § 5718 of the Act. Neither had authorization been obtained when the evidence was again disclosed by the District Attorney with the filing of the criminal information against Appellant. In fact, it was not until two years and two months after the final report had been filed, following the above disclosures and Appellant's filing of a motion to suppress them, that the Commonwealth finally moved to amend the final report and requested a judge of the Superior Court to authorize use of the evidence pertaining to Appellant at his trial.

Appellant has condensed the fifteen issues raised in his appeal before the Superior Court to a sole issue before us. That issue is whether the Commonwealth failed to follow the procedures set forth in the Act and, therefore, whether

the information gained pursuant to the Act should not have been disclosed. The Superior Court, in a lengthy analysis of this issue, concluded that while the procedures of the Act were not strictly complied with, suppression should be ordered only if Appellant could establish how this failure prejudiced him. The court found no prejudice and therefore affirmed Appellant's conviction.

Resolution of this case depends upon the proper interpretation of § 5718 of the Act, 18 Pa.C.S. § 5718. At all times relevant to this case,[1] that section provided:

When an investigative or law enforcement officer, while engaged in court authorized interceptions of wire or oral communications in the manner authorized herein, intercepts wire or oral communications relating to offenses other than those specified in the order of authorization, the contents thereof, and evidence derived therefrom, may be disclosed or used as provided in section 5717(a) (relating to disclosure or use of contents of wire or oral communications or derivative evidence). *Such contents and evidence may be disclosed* in testimony under oath or affirmation in any criminal proceeding in any court of this Commonwealth or of another state or of the United States or before any state or Federal grand jury *when in advance of such disclosure and on application to a court*, the court finds that the contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable.

(Emphasis added).

Restated, the statute imposes five requirements for disclosure of evidence of offenses other than those in the original authorized. They are:

1. In October of 1988, the General Assembly amended § 5718. Act 1988-115. Disclosure of communications relating to other offenses is now permitted "when authorized by a judge who finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable." This language corresponds to that found in 18 U.S.C. § 2517(5). Were this section in effect at the time, however the result would be the same.

1. An application must be made to a judge of the Superior Court to authorize evidentiary use of the evidence pertaining to crimes not mentioned in the original authorization;

2. The contents of the recordings must be listed in the final report, as mandated in § 5712(e) of the Act;

3. The recorded conversations must have been intercepted in accordance with the other provisions of the Act;

4. The application to disclose the evidence must be made as soon as practicable; and

5. The application must be made in advance of disclosure.

In interpreting § 5718, the Superior Court set forth only the first four of the above requirements. Because of this its comprehensive analysis and application of § 5718 to the facts of this case is flawed, for the court focused on the "as soon as practicable" language, to the exclusion of the clear requirement that the application come "in advance of" such disclosure.

The "as soon as practicable" reasoning advanced by the Superior Court, with citation to a body of federal case law, is of no moment. The parallel provision of the federal Wiretap Act, 18 U.S.C. § 2517(5), does not require that the application be made "in advance of" the disclosure, only that it be "as soon as practicable." In each of the cases cited by Superior Court, permission had in fact been sought prior to use of the evidence, and the only question was whether the delay between the receipt of the evidence and the application to disclose it was too long. Indeed, in one case interpreting the phrase "as soon as practicable," it was held that authorization must be obtained *"before* their contents or fruits are used ... in any criminal or grand jury proceedings." *United States v. Marion,* 535 F.2d 697, 704 n. 14 (2nd Cir.1976) (emphasis in original). In *Marion,* pursuant to authorized wiretaps, evidence of unrelated crimes was intercepted. This evidence was used in grand jury proceedings without first obtaining permission to dis-

close it. The court found that the violation necessitated reversal of the convictions. The court observed that:

> [B]ut for the two challenged conversations, [defendant] would not have been called before the grand jury. His testimony before that body, arguably 'derived from' those calls, and recordings of the interceptions, constituted the Government's principal evidence in his federal trial for perjury and obstruction of justice. Under these circumstances, his conviction for perjury and the first count of obstruction of justice are irremediably tainted by the § 2517(5) violation.

*Marion* 535 F.2d at 704 n. 15.

Because the federal statute closely resembles our Act, and further, because the facts of this case reveal that the sole basis for the charges and the information and proceedings resulting therefrom were derived from the intercepts which were used prior to obtaining the requisite permission, we reach a similar result in the case before us.

■ We agree with the analysis of the Superior Court dissent, that the fatal flaw in the Commonwealth's use of these intercepted phone conversations was its complete and continuous failure to adhere to the dictates of § 5718 until such time as the Appellant moved to suppress the use of the intercepts in his pretrial motions. The Commonwealth's response, moving to amend the final report and requesting that disclosure be authorized came too late. Disclosure had already been made in the criminal complaint, at the preliminary hearing, and in the formal criminal information filed by the district attorney, all in violation of the disclosure provisions of § 5718.

■ We must likewise specifically reject the Superior Court's holding that before relief can be granted in this type of claim the Defendant must bear the burden of showing how the failure to comply with the Act prejudiced him. As we had occasion to state in *Boettger v. Loverro,* 521 Pa. 366, 555 A.2d 1234 (1989), (vacated and remanded on other grounds) ⸺ U.S. ⸺, 110 S.Ct. 225, 107 L.Ed.2d 178

(1989), where an act is in derogation of this Commonwealth's constitutionally protected right to privacy its provisions must be strictly applied.

■ Recognizing the vast potential for abuse in these extraordinary means of inquiring into the private conversations of citizens, the General Assembly provided within the Act itself for the remedy of suppression. 18 Pa.C.S. § 5721. Although failure to comply with § 5718 is not specifically listed among the grounds requiring suppression in § 5721(a), suppression is appropriate where "[t]he interception ... was not made ... in accordance with the requirements of § 5712." One of these requirements is that the final report include "a complete written list of names of participants and evidence of offenses discovered, including those not stated in the application for order." 18 Pa.C.S. § 5712(e). The Commonwealth's failure in this regard alone requires suppression of the evidence.

■ In the words of Article I, § 25 of the Constitution of Pennsylvania, "except[ed] out of the general powers of government ... [to] forever remain inviolate," is the right of the people to "be secure in their persons, houses, papers and possessions from unreasonable searches and seizures ..." Article I, § 8. If the surveillance permitted by the Act is to meet the test of reasonableness, it is essential that, at a minimum, *all* the requirements directed by the Legislature be met. *No* violations of *any* provisions of the Act will be countenanced, nor will the failure of prosecutors to diligently follow the strict requirements of the Act be lightly overlooked. We must remain steadfast in this determination because there can be no greater infringement upon an individual's rights than by an indiscriminate and unchecked use of electronic devices. Where, in the wisdom of the legislature, such devices may be authorized, as in the present act, that use will be strictly adhered to and jealously enforced; for the alternative, no privacy at all, is unthinkable.

██ Based upon the foregoing, we hold that the failure of the Commonwealth to obtain the requisite permission prior to disclosing the contents of the derivative intercepts, "irremediably tainted" the Appellant's conviction. We reverse the order of the Superior Court and discharge Appellant.

STOUT, former Justice, did not participate in the decision of this case.

McDERMOTT, J., filed a dissenting opinion.

McDERMOTT, Justice, dissenting.

I dissent. The Wiretapping and Electronic Surveillance Control Act is intended to protect against the discovery of private conversations through telephone taps without the prior showing of probable cause and futility of other investigative methods. 18 Pa.C.S. § 5710. It also provides for the suppression of evidence of private conversations obtained through a tap if the requirements annunciated by the legislature are not met. Majority Op. at p. 206. However, neither the Act nor Article 1 § 8 of the Pennsylvania Constitution offers protection to those speakers who are aware that their conversations are being intercepted by persons other than the intended recipients, since, under such circumstances, there can be no reasonable expectation of privacy.

Here, the appellant knew that Ms. Kulick's phone was tapped, yet he knowingly committed and risked conviction of the crime for which he was ultimately charged to avoid some greater harm. He cannot seek the suppression of words he knew others would hear because he suffered no violation of his constitutional rights. Furthermore, he has no standing to invoke the protection of suppression for any constitutional violation towards Ms. Kulick. Therefore, suppression is not constitutionally mandated.

Neither would suppression further the purposes of the Act. The post seizure requirement of listing names and crimes not initially targeted in a final report to be approved

by a court prior to disclosure is intended to protect against the use of general warrants and the infringement of privacy interests. Here, there was a failure to include the appellant's name and crime in the final report and to receive permission from a court for the disclosure of the evidence prior to its disclosure in the appellant's preliminary hearing. Nevertheless, prior to appellant's trial, a Superior Court Judge approved the district attorney's application to utilize appellant's recorded conversations, thereby ensuring the evidence was not procured as the result of a general warrant. Furthermore, as discussed above, the appellant's privacy rights were not violated.

Therefore, I would affirm the appellant's conviction.