616 A.2d 10

COMMONWEALTH of Pennsylvania

v.

Robert J. SEARS, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 15, 1992.

Filed Nov. 6, 1992.

Ronald A. Turo, Carlisle, for appellant.

Alison Taylor, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

Robert Sears takes this appeal from judgment of sentence imposed February 11, 1992. Following a nonjury trial, appellant was found guilty of involuntary deviate sexual intercourse[1] and corruption of minors,[2] and subsequently sentenced to a total term of six (6) to twelve (12) years imprisonment.

The facts of this case, as found by the suppression court, are as follows.

United States Postal Inspector, Thomas Kochman, received information from the Lancaster County District Attorney in April, 1990, that defendant, Robert J. Sears, had been investigated for possible criminal violations involving minors. The District Attorney had information from a juvenile informant that defendant had showed him pictures of naked boys. The District Attorney also knew that Sears had a record in the State of Florida for child molestation. This information was relayed to the Postal Inspector since defendant had moved from Lancaster to Mechanicsburg, Cumberland County.

In April, 1990, Inspector Kochman commenced a Federal investigation of Sears' activities regarding children. He sent defendant the following letter:

> I really don't know how to start this letter. Maybe I'm making a mistake. I found your name in a box of magazines that I found in the attic in his (my uncle's) house. I sent this letter to an address in Lancaster but they sent it back saying you moved with your new address. I hope you're still there. If I'm right I think we may have a lot of likes in common when it comes to our

1. 18 Pa.C.S. § 3123.
2. *Id.*, § 6301.

private lives. If you don't know what I'm talking about please destroy this letter. I might be out on a wrong limb. I hope I will hear from you in the future.

Defendant responded to this letter and two other letters that Inspector Kochman wrote to him. In these letters, defendant, inter alia, provided information as to his sexuality. In the last letter received by Inspector Kochman on June 6, 1990, defendant stated that he would be on vacation from June 13 to 21, and would "have an 8 yr. old for the week."

Inspector Kochman enlisted the assistance of Special Agent, Dennis Guzy, of the Office of the Attorney General of Pennsylvania, Child Abuse Prosecution Assistance Unit, to act in an undercover capacity. Because he was concerned that defendant had indicated he would have an eight-year-old boy staying with him as of June 13, Inspector Kochman obtained approval from a United States Attorney, and the Chief Postal Inspector, to utilize a consent interception of Agent Guzy calling defendant and posing as the letter writer. The telephone call was made on June 12. Part of the recorded conversation is set forth in an affidavit for a search warrant issued on June 13, 1990, for the search of defendant's residence. The warrant was obtained on the affidavit of Chief Rodney Whitcomb, of Mechanicsburg, relating the information he had received from Special Agent Dennis Guzy, as follows:

On June 7, 1990, Special Agent Guzy met with Postal Inspector Thomas Kochman, United States Postal Inspection Service, who stated that, pursuant to his duties as a child pornography specialist, he did review an investigation regarding Robert Sears, white male, current residence 203 East Main Street, Mechanicsburg, Cumberland County, Pennsylvania 17055.

Pursuant to that review, Kochman, in an undercover capacity, did, via U.S. Mail, contact Sears on April 24, 1990. An exchange of correspondence occurred between Kochman and Sears, in which Sears indicated he did have

contact with an eight-year-old male named "Bobby". Furthermore, Sears indicated that this juvenile would be residing with him beginning June 14, 1990.

On June 8, 1990, Special Agent Guzy did receive information from Detective John Barwick, Sex Crimes Unit, Duvall County Sheriff's Office, that Sears had a series of arrests stemming from sexual contact with a seven-year-old juvenile male, an eight-year-old juvenile male, and a fifteen-year-old juvenile male. Additionally, information was received from Detective Barwick that Sears was convicted of child fondling, lasciviousness, and indecent assault on December 17, 1980, regarding the fifteen-year-old juvenile male. The remaining cases, relating to the seven-year-old male and the eight-year-old juvenile males, were dropped in consideration of the ages of the children.

On June 12, 1990, Special Agent Guzy, utilizing electronic surveillance equipment, administered by Inspector Kochman with the necessary approval, did telephonically contact Sears. At that time, Sears admitted to currently having an eight-year-old juvenile male named "Bobby" living with him. He further admitted deviate sexual contact with this juvenile male. Sears further stated he had a locked facility where he keeps pornographic material.

On June 13, Agency Guzy, while wearing a consent body wire that was also approved by the United States Attorney and the Chief Postal Inspector, and posing as the person who had written the three letters to defendant and who had talked to him on the telephone on June 12, went to defendant's residence. Defendant had the juvenile at the house, and after some conversation, offered the boy to Agent Guzy for the purposes of engaging in sexual acts. At that point, Agent Guzy signaled Agent Kochman, Chief Whitcomb, and another Mechanicsburg police officer who were waiting outside. They entered the house, and Chief Whitcomb arrested defendant on the current charges.

(Slip Op., Bayley, J., 6/6/91, pp. 1-4.) [3]

The sole issue presented in this appeal is whether the trial court erred, as a matter of law, in allowing the Commonwealth to present testimony based on a federal consensual wiretap, where the Commonwealth failed to follow the strict procedures and requirements of the Pennsylvania Wiretap Act, by obtaining a court Order or prior approval of the Attorney General of Pennsylvania or the District Attorney of Cumberland County.

The Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. § 5701 *et seq.*, provides, in pertinent part:

It shall not be unlawful under this chapter for:

. . . . .

(2) Any investigative or law enforcement officer or any person *acting at the direction or request* of an investigative or law enforcement officer to intercept a wire, electronic or oral communication involving suspected criminal activities where:

(i) such officer or person is a party to the communications; or

(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception; however such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authoriz-

---

**3.** The trial court adopted the factual findings of the suppression court as its own. *See* Slip Op., Hess, J., 10/14/91.

ing the interception shall be the custodian of recorded evidence obtained therefrom.

18 Pa.C.S. § 5704(2). The Wiretap Act also provides:

Any person who, by any means authorized by the laws of another state or the Federal Government, has obtained knowledge of the contents of any wire, electronic or oral communication, or evidence derived therefrom, may disclose such contents or evidence to an investigative or law enforcement officer and may disclose such contents or evidence where otherwise admissible while giving testimony under oath or affirmation in any proceeding in any court of this Commonwealth.

*Id.,* § 5717(c).

Appellant does not contend that the electronic interception violated the federal wiretap statute, 18 U.S.C. § 2510 *et seq.,* and from our examination of the record we find no such violation. Therefore, absent a showing by appellant that "the interception violated the federal statute or that the law enforcement officials of the Commonwealth knowingly attempted to circumvent the provisions of the Commonwealth's Wiretapping Act," the trial court did not err in admitting the recording into evidence. *Commonwealth v. Mehalic,* 382 Pa.Super. 264, 270, 555 A.2d 173, 176 (1989); see *Commonwealth v. Trignani,* 334 Pa.Super. 526, 483 A.2d 862 (1984); *Commonwealth v. Taraschi,* 327 Pa.Super. 179, 475 A.2d 744 (1984).

For his part, appellant relies on our Supreme Court's recent decision in *Commonwealth v. Hashem,* 526 Pa. 199, 584 A.2d 1378 (1991). In *Hashem,* the defendant was arrested and charged with various crimes as a result of evidence gathered by Commonwealth authorities through the use of electronic surveillance of telephone communications. The Supreme Court overturned the defendant's convictions because the Commonwealth failed to comply with the requirements of section 5718 of the Pennsylvania Wiretap Act, relating to the disclosure of communications concerning other offenses. Significantly, however, the case did not involve the use of federal

wiretaps, and as such, we find *Hashem* distinguishable from and inapplicable to the facts of this case.

As the suppression court further noted:

We find as a fact that law enforcement officials did not deliberately circumvent the requirements of the Pennsylvania Electronic Surveillance Control Act. Neither Deputy [Attorney General] Barton, Agent Guzy, Inspector Kochman, nor the Assistant District Attorney of Cumberland County intended to utilize Federal electronic surveillance procedures to circumvent any laws of the Commonwealth. In June 1990, none of the State officials would have known about the danger to the child in Sears' home if Inspector Kochman had not sought their assistance. Neither the Attorney General, the District Attorney of Cumberland County, nor the Mechanicsburg Police had any active investigation regarding Sears at that time.

After defendant moved to Cumberland County from Lancaster County, the District Attorney of Lancaster County contacted the Postal Inspector and provided him with the information known about Sears. Inspector Kochman legitimately started a Federal investigation and properly utilized the assistance of State officials as his investigation and events unfolded indicating an immediate danger to a child who was staying in Sears' home. This type of coordination between Federal, State and local authorities is routine in investigations involving pedophiles.

(Slip Op. at 9–10.)

Much is made of the "exigent circumstances" attendant to modern narcotics investigation, and the concomitant need for rapid response by investigators. These exigencies are no less present in cases of suspected child abuse, where, unlike most instances of drug trafficking, the victims are truly innocent and often entirely helpless. Our careful review of the record discloses nothing but the commendable and prompt investigation of state and federal law enforcement officials, acting in concert.

[I]t is common practice in law enforcement circles for federal and state law enforcement personnel to exchange

130

information and to offer assistance to one another. Therefore, we must conclude that the use in this Commonwealth of taped conversations secured through a legally authorized federal wiretap is not in contravention of the Pennsylvania anti-wiretap statute, and that any evidence disclosed by such means may be admissible in our courts. To reach any other result ... would impose severe restrictions on this Commonwealth's law enforcement personnel.

*Trignani, supra,* at 534, 483 A.2d at 865–866.

As we find no evidence the Commonwealth attempted to circumvent the Pennsylvania statute, and followed the provisions of section 5717(c), compliance with section 5704(2) was unnecessary. We therefore find no error by the trial court, and we affirm the judgment of sentence.

Judgment of sentence affirmed.