633 A.2d 1146

**Alfred R. BOETTGER, Appellant,**

v.

**Robert E. MIKLICH and Glenn A. Walp, Commissioner of the Pennsylvania State Police, Commonwealth of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Argued April 6, 1993.

Decided Nov. 10, 1993.

---

E. Jerome Brose, Easton, for A.R. Boettger.

Claudia M. Tesoro, Philadelphia, Calvin R. Koons, and John G. Knorr, III, Harrisburg, for Comm. Atty. Gen.

Gary M. Lightman, Harrisburg, for State Police.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The issue presented in this appeal is whether the Commonwealth Court, 142 Pa.Cmwlth. 136, 599 A.2d 713 properly interpreted the parameters of the "good faith defense" to a civil action as provided in section 5725(c) of the Wiretapping and Electronic Surveillance Control Act.[1] For the reasons that follow, we find that the Commonwealth Court improperly expanded the good faith defense in violation of the clear language of the statute, and accordingly, reverse the order and opinion of that Court.

The relevant facts are that the appellees (defendants below) properly secured a warrant pursuant to the Wiretap Act in order to intercept telephone communications of the appellant, in furtherance of a criminal investigation into an illegal gambling operation. The civil suit involved herein asserts that the appellees, in violation of the specific provisions of the Wiretap Act, transmitted information they had received, via the electronic surveillance, to investigators of the Federal and State revenue agencies. The trooper in charge of the criminal investigation is alleged to have made the specific disclosures at issue.

The appellant (plaintiff below) originated this civil suit pursuant to § 5725 of the Act, which provides:

**§ 5725. Civil action for unlawful interception, disclosure or use of wire, electronic or oral communication**

(a) Cause of action.—Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such

---

1. The "Wiretap Act" as it shall hereinafter be called, was originally enacted on October 4, 1978, P.L. 831, No. 164, at 18 Pa.C.S. § 5701 et seq. Although the Act was amended in October of 1988, after the civil suit at issue was filed, those amendments are not significant to our consideration. Accordingly, we will refer to the Act in its present form throughout this opinion.

communication; and shall be entitled to recover from any such person:

(1) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher.

(2) Punitive damages.

(3) A reasonable attorney's fee and other litigation costs reasonably incurred.

(b) **Waiver of sovereign immunity.**—To the extent that the Commonwealth and any of its officers, officials or employees would be shielded from liability under this section by the doctrine of sovereign immunity, such immunity is hereby waived for the purposes of this section.

(c) **Defense.**—It is a defense to an action brought pursuant to subsection (a) that the actor acted in good faith reliance on a court order or the provisions of this chapter.

 The matter was originally tried before a jury, which found for appellees on the basis that they were protected from liability by the good faith defense found at § 5725(c) of the Wiretap Act. After argument on post-trial motions, the trial court found that it had erred in allowing the question of the good faith defense to be presented to the jury. Accordingly, the trial court entered Judgment N.O.V. for the appellant and ordered a new trial limited to the question of damages.[2] On appeal to the Commonwealth Court, the decision of the trial court was reversed and the original verdict in favor of the appellees was reinstated. This Court granted allowance of appeal.

At the center of this controversy lies a statutory scheme which permits governmental intrusion, via sophisticated surveillance techniques, into the homes of the citizens of this

---

**2.** When an appellate court reviews the entry of an order granting judgment *non obstante veredicto* the evidence must be reviewed in the light most favorable to the verdict winner, with the benefit of every reasonable inference being resolved in his favor. Judgment n.o.v. may be entered if the movant is entitled to judgment as a matter of law and/or if the evidence is such that no two reasonable minds could disagree that the verdict would be in favor of the movant. *Moure v. Raeuchle, D.O.,* 529 Pa. 394, 402, 604 A.2d 1003, 1007 (1992).

Commonwealth. As this Court noted in *Commonwealth v. Blystone*, 519 Pa. 450, 462, 549 A.2d 81, 86 (1988), "the current electronic surveillance statute strikes a balance between citizens' legitimate expectation of privacy and the needs of law enforcement officials to combat crime. In this regard the General Assembly has provided safeguards to protect the liberties of the citizens of the Commonwealth." The Wiretap Act does contain strict guidelines as to how and when electronic surveillance methods shall be permitted. In fact, willful violations of the strict guidelines set forth in the Wiretap Act are criminally sanctioned as felonies of the third degree. 18 Pa.C.S. § 5703.

■ A statute, such as the one at bar, which is in derogation of a constitutional right, the right of privacy, must be strictly construed. This principle of strict construction was clearly enunciated by this Court in *Commonwealth v. Hashem:*

> *No* violations of *any* provisions of the Act will be countenanced, nor will the failure of prosecutors to diligently follow the strict requirements of the Act be lightly overlooked. We must remain steadfast in this determination because there can be no greater infringement upon an individual's rights than by an indiscriminate and unchecked use of electronic devices. Where, in the wisdom of the legislature, such devices may be authorized, as in the present act, that use will be strictly adhered to and jealously enforced; for the alternative, no privacy at all, is unthinkable.

526 Pa. 199, 206, 584 A.2d 1378, 1382 (1991) (emphasis in original). With these principles in mind we now turn to the particular section of the Wiretap Act at issue.

The appellants assert that the Commonwealth Court improperly interpreted the good faith defense as set forth in § 5725(c) of the Wiretap Act. The statutory scheme at issue is quite clear and precise. In subsection (a) of § 5725 it states that any person who discloses information that they have obtained via electronic surveillance shall be liable civilly for

damages to the person whose privacy they have invaded by the disclosure. In subsection (b) of § 5725 it clearly states that officers of the Commonwealth will not be protected by the doctrine of sovereign immunity in civil actions brought against them for violations of the provisions of this Act. Finally, in subsection (c) of § 5725, it states that "it is a defense to an action brought pursuant to subsection (a) that the actor acted in good faith reliance on a court order or the provisions of this chapter."

Thus, a good faith defense is only available where the defendant in making the disclosure was relying upon a court order or the specific provisions of the Wiretap Act. The present case does not involve a court order. And, as the lower courts both agreed, the disclosure provisions of the Wiretap Act do not authorize disclosure to either federal or state revenue authorities. The disclosure provision at issue reads as follows:

**§ 5717. Disclosure or use of contents of wire, electronic or oral communications or derivative evidence**

(a) **Investigative activities.**—Any investigative or law enforcement officer who by any means authorized by this chapter, has obtained knowledge of the contents of any wire, electronic or oral communication, or evidence derived therefrom, may disclose such contents or evidence to another investigative or law enforcement officer, including another investigative or law enforcement officer of another state or political subdivision thereof, or make use of such contents or evidence to the extent that such disclosure or use is appropriate to the proper performance or the official duties of the officer making or receiving the disclosure.

Section 5717(a) of the Wiretap Act allows disclosure to "any investigative or law enforcement officer." That phrase as defined by the Wiretap Act itself in § 5702 is limited to "any officer of the United States or of the Commonwealth or political subdivision thereof, who is empowered by law to conduct investigations of or to make arrests for offenses enumerated in this chapter." Violations of the Internal Reve-

nue Code or of the Pennsylvania Tax Statute, other than the Pennsylvania Cigarette Tax Act, are not included in the specific crimes enumerated in the Wiretap Act. *See* 18 Pa. C.S. § 5708. A clear reading of the Wiretap Act prohibits disclosure of intercepted communications to taxing authorities, therefore, appellees were not entitled to the good faith defense as a matter of law.[3]

When the words of the statute are clear and unambiguous additional analysis is unnecessary and inappropriate. 1 Pa. C.S. § 1921(b). Once it was established that the disclosure at issue was not permitted by a court order or the provisions of the Wiretap Act itself, there was no reason to reach beyond the words of the statute in order to interpret the good faith defense. Although the Commonwealth court found that disclosure was not authorized by the Wiretap Act, it went on to find that the appellee's interpretation of the Wiretap Act was reasonable and they therefore were entitled to the good faith defense.[4] This analysis was improper. As the trial court so

3. We note with approval that the Commonwealth Court summarily rejected the appellees' argument that the disclosure made by the trooper in this case was within the parameters of § 5717(a), as it was made pursuant to the policy of the state police. Obviously a police policy dictating disclosure cannot be an effective device by which a person who violates the strict regulations under the Wiretap Act can avoid liability. This Court will not permit an invasion of a constitutionally protected right of privacy on the basis that "it is the policy of our department."

4. The Commonwealth Court inserted the criteria of whether or not this officer's action was "reasonable," thus entitling him to the protection of the good faith defense, by relying upon the good faith defense as defined by the United States Supreme Court in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). We note that *Harlow* and *Anderson* each involved federal civil suits brought against federal officials who were accused of violating the constitutional rights of the respective plaintiffs through the exercise of their discretionary authority. Under the federal common law doctrine of official immunity the defendants were entitled to assert a good faith defense to the civil action. That defense is defined as follows: "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2739. "The contours of the right must be sufficiently clear that a

aptly noted in rejecting this argument, "to adopt the defense view would be to rewrite the statute to make a good faith defense available to those who 'reasonably misinterpret the provisions of the chapter.'"

For the reasons stated above, we find the good faith defense as specifically set forth in the Pennsylvania Wiretapping and Electronic Surveillance and Control Act was not available to the appellee's in the instant case. Accordingly, the opinion and order of the Commonwealth Court is reversed, the order of the trial court granting judgment N.O.V. for the appellant is reinstated and the matter is remanded to the trial court for trial on the issue of damages only. Jurisdiction is relinquished.

LARSEN, J., did not participate in the decision of this matter.

MONTEMURO, J., files a dissenting opinion in which PAPADAKOS, J., joins.

MONTEMURO, Justice, dissenting.

I Dissent and would affirm on the basis of the Commonwealth Court Opinion.

PAPADAKOS, J., joins in this opinion.

reasonable official would understand that what he is doing violates that right." *Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039. It is apparent that the federal common law doctrine enunciated in *Harlow* and *Anderson* is not applicable to the good faith defense as explicitly defined within § 5725(c) of the Wiretap Act. As we have stated above, the good faith defense as defined in the Pennsylvania Wiretap Act contains no allowance for the subjective reasonableness of the officer's action in violating the Act.