[J-46-2016] [MO: Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 66 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 386 MDA 2014 dated |
| | : | February 9, 2015 Reversing the Order |
| v. | : | of the Clinton Court of Common Pleas, |
| | : | Criminal Division, at No. CP-18-CR- |
| | : | 0000415-2013, dated February 26, |
| RAHIEM CARDEL FANT, | : | 2014. |
| | : | |
| Appellant | : | SUBMITTED:  March 16, 2016 |

## CONCURRING OPINION

**JUSTICE WECHT**                                      **DECIDED:  September 28, 2016**

I join the Majority opinion with the exception of footnote 13.  Maj. Slip Op. at 19-21, n.13.  The Pennsylvania Wiretapping and Electronic Surveillance Control Act (the "Wiretap Act" or "the Act"), 18 Pa.C.S. §§ 5701-82, establishes a general prohibition barring interception of wire, electronic, or oral communications,[1] subject to several specific exceptions.  The question presented by today's case is whether certain "visit conversations," as described by the Majority, fall within the exception in Subsection 5704(14) of the Wiretap Act, 18 Pa.C.S. § 5704(14), which, under certain conditions, permits interception of "telephone calls from or to an inmate in a facility."[2]  Because the

---

[1]  See 18 Pa.C.S. § 5703.

[2]  Section 5704 provides, in relevant part, that "[i]t shall not be unlawful and no prior court approval shall be required under this chapter for" the following:

(continued…)

Wiretap Act does not define "telephone calls," it is necessary to discern the ordinary

---

(…continued)

(14)    An investigative officer, a law enforcement officer or employees of a county correctional facility to intercept, record, monitor or divulge any telephone calls from or to an inmate in a facility under the following conditions:

(i)    The county correctional facility shall adhere to the following procedures and restrictions when intercepting, recording, monitoring or divulging any telephone calls from or to an inmate in a county correctional facility as provided for by this paragraph:

(A)    Before the implementation of this paragraph, all inmates of the facility shall be notified in writing that, as of the effective date of this paragraph, their telephone conversations may be intercepted, recorded, monitored or divulged.

(B)    Unless otherwise provided for in this paragraph, after intercepting or recording a telephone conversation, only the superintendent, warden or a designee of the superintendent or warden or other chief administrative official or his or her designee, or law enforcement officers shall have access to that recording.

(C)    The contents of an intercepted and recorded telephone conversation shall be divulged only as is necessary to safeguard the orderly operation of the facility, in response to a court order or in the prosecution or investigation of any crime.

(ii)    So as to safeguard the attorney-client privilege, the county correctional facility shall not intercept, record, monitor or divulge any conversation between an inmate and an attorney.

(iii)    Persons who are calling into a facility to speak to an inmate shall be notified that the call may be recorded or monitored.

(iv)    The superintendent, warden or a designee of the superintendent or warden or other chief administrative official of the county correctional system shall promulgate guidelines to implement the provisions of this paragraph for county correctional facilities.

18 Pa.C.S § 5704(14).

meaning of this term. I agree with the Majority's resolution of the meaning of "telephone calls" and its application of the statutory exception to the facts found by the suppression court herein. However, I distance myself from the Majority's consideration of the Commonwealth's alternative argument.

The Commonwealth has argued in the alternative that we should affirm the Superior Court's decision because there was no "interception" under the Wiretap Act. Although this issue was not raised below, the Commonwealth asserts that we can reach it through application of the "right-for-any-reason doctrine."[3] However, the Commonwealth is seeking to uphold the judgment of the intermediate appellate court, rather than that of the fact-finding tribunal. Although the Majority is correct that we have never resolved whether the doctrine may be invoked to uphold the intermediate appellate court's order, I am inclined to agree with Chief Justice Saylor's narrow understanding of the doctrine's focus in Pennsylvania. See Commonwealth v. DiNicola, 866 A.2d 329, 346 n.7 (Pa. 2005) (Saylor, J., concurring) ("Significantly, the focus of the right-for-any-reason doctrine in Pennsylvania is on upholding the judgment of the fact-finding tribunal, not that of the intermediate appellate court." (citing E.J. McAleer & Co., Inc. v. Iceland Products Inc., 381 A.2d 441, 443 n.4 (Pa. 1977); Commonwealth v. Katze, 658 A.2d 345, 349 (Pa. 1995))).

---

[3] As we have explained, "[u]nder the right-for-any-reason doctrine, an order or judgment may be affirmed for any reason appearing as of record." Freed v. Geisinger Med. Ctr., 5 A.3d 212, 222 n.4 (Pa. 2010) (Saylor, J., dissenting); see generally Thomas G. Saylor, Right for Any Reason: An Unsettled Doctrine at the Supreme Court Level and An Anecdotal Experience with Former Chief Justice Cappy, 47 Duq. L. Rev. 489, 490 n.2 (2009) (collecting cases).

Moreover, under any iteration, application of the right-for-any-reason doctrine is questionable when the appellee before this Court was the appellant in the intermediate appellate court, such as the Commonwealth herein. Under such circumstances, any matter not raised and preserved in the intermediate appellate court is unavailable for appellate review. See In re J.M., 726 A.2d 1041, 1051 n.15 (Pa. 1999); Freed v. Geisinger Med. Ctr., 5 A.3d 212, 222 n.4 (Pa. 2010) (Saylor, J., dissenting); Vicari v. Spiegel, 989 A.2d 1277, 1287 (Pa. 2010) (Castille, C.J., concurring) ("Arguably, as the party prevailing below, appellee is free to raise properly preserved alternative arguments, and the Court is then free to determine which arguments to discuss (or to determine to dismiss the appeal on prudential grounds."). Having lost in the suppression court, the Commonwealth had the obligation to preserve the issue when it was the appellant in the Superior Court. See Pa.R.A.P. 302(a). In that court, it did not raise the interception question. Fant, 109 A.3d at 777. Accordingly, there is no basis for the Majority to engage the Commonwealth's alternative argument, however briefly. Maj. Slip Op. at 19-21, n.13.