J-S15023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MARCUS MYERS | : | |
| Appellant | : | No. 3121 EDA 2017 |

Appeal from the Judgment of Sentence January 19, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002290-2015,
CP-45-CR-0002291-2015

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 26, 2018**

Appellant, Marcus Myers, appeals from the Judgment of Sentence entered in the Monroe County Court of Common Pleas following his conviction by a jury of Retaliation Against Witness, Victim or Party and Harassment[1] at Docket No. 2290 and of Fleeing or Attempting to Elude a Police Officer[2] at Docket No. 2291.[3, 4]  Appellant challenges the admission of evidence obtained by wiretap interception.  After careful review, we conclude Appellant waived

_____

[1] 18 Pa.C.S. § 4953(a) and 18 Pa.C.S. § 2709(a)(4), respectively.

[2] 75 Pa.C.S. § 3733(a).

[3] The trial court joined these cases by Order following the Commonwealth's oral Motion at Appellant's final pre-trial conference.

[4] The court also convicted Appellant of nine summary traffic offenses related to Appellant's unsafe driving.

his challenge by failing to raise it in a Motion to Suppress as required by Section 5721.1 of the Wiretapping and Electronic Surveillance Control Act ("The Wiretap Act"), 18 Pa.C.S, §§ 5703, *et seq.* Accordingly, we affirm.

The facts and procedural history are as follows. On September 7, 2015, while conducting a stationary speed detail, Patrolman Aaron Anglemyer of the Pocono Township Police Department observed Appellant driving a 2005 Honda Motorcycle erratically and at a high rate of speed through a residential neighborhood. When Patrolman Anglemyer attempted to conduct a traffic stop, Appellant failed to stop his motorcycle and fled. Patrolman Anglemyer gave chase, but was unable to catch Appellant. Shortly thereafter, another officer located a motorcycle and helmet matching the description of the one driven and worn by Appellant during the chase. PENNDOT records revealed that Appellant owned the motorcycle, and that both the motorcycle's registration and Appellant's driver's license had expired. PENNDOT records also identified 191 Cherry Lane Road, Tannersville, Monroe County, Pennsylvania as Appellant's address.

Patrolman Anglemyer commenced surveillance at 191 Cherry Lane and spoke with two individuals standing in Appellant's driveway, one of whom was Robert Gerhold. Gerhold advised him that Appellant "is and has been using

methamphetamine regularly and that this has been causing [Appellant] to act irrationally." Anglmeyer's Affidavit of Probable Cause, 10/8/15, at 2.[5]

On September 17, 2015, pursuant to the Wiretap Act, the Commonwealth filed an Application for an Order Authorizing the Consensual Interception of Oral Communications in a Home to permit the recording of oral communications between Gerhold and Appellant at Appellant's residence at 191 Cherry Lane Road. Wiretap Application, 9/17/15, at 1 (unpaginated). The Commonwealth's application included the Affidavit of Detective James Wagner of the Pocono Township Police Department.[6]

The Honorable Margherita Patti-Worthington granted the Application. Relevant to the instant appeal, the court's Order provided:

> (4) The **residence** of [Appellant] is located at 191 Cherry Lane Road, Tannersville, Monroe County, Pennsylvania.
>
> (5) As a result of the foregoing, the **Pennsylvania State Police** are hereby authorized to intercept the oral and/or visual communications of Robert Gerhold, [Appellant,] and others yet

_____

[5] From speaking to Gerhold, Patrolman Anglemyer came to believe that Gerhold may have narcotics in his car; Gerhold consented to a search of his vehicle; and Patrolman Anglemyer found 56 grams of crystal methamphetamine in the car, which Gerhold admitted he intended to sell to Appellant. Police, thus, arrested Gerhold for Possession with Intent to Deliver a Controlled Substance. N.T. Trial, 9/15/16, at 81, 126. Gerhold pleaded guilty to this charge. **Id.** at 83.

[6] In his Affidavit of Probable Cause, Wagner attested to the facts as set forth **supra**. **See** Wagner Affidavit of Probable Cause, 9/17/15, at 1-2 (unpaginated).

- 3 -

unknown within the **business** described in paragraph 4 for 30 days from the date of September 17, 2015.

(6) The Monroe County District Attorney shall assume custody and control of any resultant original recordings as required by 18 Pa.C.S.[] 5704(2).

Order, 9/17/15 (emphasis added).

Gerhold agreed to permit police to record a conversation between him and Appellant using a key chain digital audio and video recorder.[7] During a recorded conversation on September 22, 2015, Gerhold accused Appellant of setting him up for a drug arrest and Appellant made incriminating statements that identified himself as the driver of the motorcycle on the night of September 7, 2015. Anglemyer Affidavit of Probable Cause, 10/8/15, at 4. *See* Memorandum of Interception, 9/22/15.

Pursuant to an arrest warrant, on October 9, 2015, Patrolman Anglemyer arrested Appellant for felony Fleeing or Attempting to Elude a Police Officer. At his arraignment that same day, Appellant received a copy of the Arrest Warrant and Patrolman Anglemyer's Affidavit of Probable Cause, which identified Gerhold as having cooperated with the police investigation. *Id.*

Almost immediately thereafter, Appellant began sending Gerhold threatening and vulgar text messages. Anglemyer Affidavit of Probable Cause, 10/13/15, at 1. Between October 9, 2015, and October 11, 2015,

---

[7] *See* Written Consent, 9/17/15. Gerhold testified at Appellant's trial that Patrolman Anglemyer "brought up the possibility of [Gerhold] wearing a wire[,]" and Gerhold "said yes." N.T., 9/15/16, at 128.

Appellant sent Gerhold several text messages, at all hours of the day and night. Based on the threatening nature of the text messages, on October 13, 2015, Patrolman Anglemyer sought, and received, a warrant for Appellant's arrest on charges of Intimidation of a Witness, Retaliation Against Witness, Victim, or Party, and Harassment.[8]

On October 27, 2015, Appellant waived his arraignment and preliminary hearing on the Intimidation of a Witness charge.[9] In his signed Waiver of Arraignment, Appellant acknowledged that the last day for him to file a timely Omnibus Pretrial Motion was December 12, 2015. Appellant did not file an Omnibus Pretrial Motion on or before the deadline.

On September 13, 2016, two days before the start of his consolidated jury trial—and more than eleven months after Appellant became aware that Gerhold had recorded the incriminating conversation with Appellant— Appellant filed a Motion *in Limine* to Exclude the Gerhold Recording. Appellant averred that the recording should be excluded at trial because the Commonwealth's intercept of the communication between Appellant and

---

[8] **See** Anglemyer Affidavit of Probable Cause, 10/13/15, at 1 (where Patrolman Anglemyer explained that at Appellant's October 9, 2015 arraignment on the Fleeing and Eluding a Police Officer charge, Appellant received a copy of the Arrest Warrant and Affidavit of Probable Cause, which identified Gerhold as having cooperated with the police investigation and described the contents of the recorded September 22, 2015 conversation between Gerhold and Appellant).

[9] That same day, Appellant also waived his preliminary hearing on the Fleeing or Attempting to Elude a Police Officer charge. The trial court consolidated Appellant's cases for trial.

Gerhold was illegal. He based this conclusion on alleged errors on the face of the Wiretap Order, contending that it: (1) authorized the wiretap for Appellant's business, not his residence; (2) granted authority to conduct the intercept to the Pennsylvania State Police ("PSP") and not the Pocono Township Police Department; and (3) did not grant wiretapping authority specifically to Detective James Wagner of the Pocono Township Police. Motion, 9/13/16, at ¶ 10. Appellant argued that the Commonwealth's failure to adhere strictly to the Wiretap Order, *i.e.*, by having the Pocono Township Police, rather than the PSP, record the conversation at Appellant's residence, rather than at his business, invalidated the recording and the court should exclude it from trial.[10]

The court heard argument on the Motion in chambers prior to the start of trial on September 15, 2016, and denied the Motion as untimely. **See** Trial Ct. Op., 3/29/17, at 5-6. The trial judge further concluded that the "errors" in the Wiretap Order upon which Appellant based his argument were merely typographical in nature. **Id.** at 6-7. Last, the court also found that any errors in the Order were harmless, observing that the authorizing court concluded the Commonwealth demonstrated probable cause for the wiretap, Gerhold consented freely to the recording, and Gerhold testified to the contents of the

---

[10] Appellant does not dispute that his residential and business addresses are one in the same. Appellant's Brief at 7-8.

recording at Appellant's trial. *Id.* at 8-9. The court, thus, admitted the recorded conversation between Appellant and Gerhold at trial.

Following a two-day jury trial, the jury convicted Appellant of Retaliation Against Witness, Victim or Party; Harassment; and Fleeing or Attempting to Allude a Police Officer. On January 19, 2017, the court sentenced Appellant to two to six years' incarceration. Appellant filed timely Post-Sentence Motions, which the trial court denied on March 29, 2017.[11]

On April 5, 2017, Appellant's trial counsel filed a Petition for Withdrawal of Appearance, which the court denied the next day, subject to reconsideration after "perfection of any appeal filed on behalf of" Appellant. Order, 4/6/17. On April 21, 2017, Appellant filed a counselled Notice of Appeal.

On May 4, 2017, trial counsel renewed his request for leave to withdraw as counsel. The trial court granted counsel's Petition to Withdraw on May 16, 2017, and advised Appellant of his option to obtain other counsel, make an application for counsel to the Monroe County Public Defender's Office, or proceed *pro se*. Appellant obtained alternate counsel, who filed a timely Pa.R.A.P. 1925(b) Statement on Appellant's behalf. On June 19, 2017, the

---

[11] Appellant also filed a Motion for Transcripts of his trial, which the court granted by Order dated February 2, 2017. However, after Appellant failed to pay the transcript deposit, the court vacated the Order without prejudice on February 17, 2017. The court noted in its March 29, 2016 Order and Opinion denying Appellant's Post-Sentence Motions that, at the time of its disposition, the court did not have the benefit of the Notes of Testimony.

trial court indicated that it would rely on its March 29, 2017 Order and Opinion denying Appellant's Post-Sentence Motion in lieu of a Rule 1925(a) Opinion.

Appellant raises the following issue on appeal:

Whether evidence obtained by wiretap interception should have been precluded at trial where the wiretap application and order were defective and, therefore, whether [Appellant] should be granted a new trial[?]

Appellant's Brief at 4.

Appellant claims the trial court should have granted his Motion for a New Trial because the Commonwealth violated his constitutional rights by obtaining the intercept evidence admitted at trial with an Order that did not conform to the requirements of 18 Pa.C.S. § 5712.  Appellant's Brief at 11.  Our standard of review for a trial court's denial of a motion for a new trial is well settled.

We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. . . . An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

*Gbur v. Golio*, 932 A.2d 203, 206–07 (Pa. Super. 2007) (citations and quotation marks omitted).

"When reviewing a trial court's denial of a motion *in limine*, this Court applies an [ ] abuse of discretion standard of review."  *Commonwealth v. Schley*, 136 A.3d 511, 514 (Pa. Super. 2016).  "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where

the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." ***Id.*** (citation omitted).

The Wiretap Act requires an order authorizing the intercept of an oral communication to include the following information:

> (1) The identity of the investigative or law enforcement officers or agency to whom the authority to intercept wire, electronic or oral communications is given and the name and official identity of the person who made the application.
>
> (2) The identity of, or a particular description of, the person, if known, whose communications are to be intercepted.
>
> (3) The character and location of the particular communication facilities as to which, or the particular place of the communication as to which, authority to intercept is granted.
>
> (4) A particular description of the type of the communication to be intercepted and a statement of the particular offense to which it relates.
>
> (5) The period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained.

18 Pa.C.S. §5712(a).

Most relevant to this appeal, the Act also provides that a defendant who wishes to challenge the constitutionality of a communications intercept must file a Motion to Suppress.[12]  18 Pa.C.S § 5721.1(b), (c), (e).  Here, Appellant

---

[12] ***See also*** Pa.R.Crim.P. 581 cmt. (explaining that Rule 581 "is designed to provide one single procedure for the suppression of evidence alleged to have been obtained in violation of the defendant's rights).  Rule 581 works in tandem with Section 5721.1(c)(1), which provides that where, as here, a defendant seeks to exclude evidence obtained by an allegedly materially insufficient wiretap authorization order, the motion to exclude the evidence

concedes that he did not file a Motion to Suppress.[13] Rather, two days before the commencement of his trial, he filed a Motion *in Limine*.

We note the distinction between a motion *in limine* and a suppression motion:

> A motion *in limine* is used before trial to obtain a ruling on the admissibility of evidence. It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury. [A] suppression motion is designed to preclude evidence that was obtained in violation of a defendant's constitutional rights, while a motion *in limine* precludes evidence that was constitutionally obtained but which is prejudicial to the moving party.

**Commonwealth v. Reese**, 31 A.3d 708, 715 (Pa. Super. 2011) (citation omitted).

Here, the crux of Appellant's argument is that, because the Wiretap Order contained the errors noted **supra**, the Commonwealth obtained the wiretap evidence in violation of his constitutional rights. Appellant's Brief at 10. Appellant summarily concludes, therefore, that the court should have suppressed the evidence because "such an error may not be disregarded when ones' fundamental constitutional rights are at stake." **Id.** at 10.[14] While

---

"shall be made in accordance with the applicable rules of procedure governing such proceedings." 18 Pa.C.S. § 5721.1(c)(1).

[13] Appellant's Brief at 8-9.

[14] Appellant also disputes the trial court's characterization of the Order granting the intercept Application as containing "mere typographical errors," and its conclusion that any error was harmless. Appellant's Brief at 9-10.

Appellant concedes that the proper and exclusive remedy to challenge the interception of a wire, electronic, or oral communication is by filing a timely motion to suppress, he nevertheless argues that the court can consider an untimely challenges when, as in the instant matter, it is in the "interests of justice." *Id.* at 9.[15]

As discussed above, the Wiretap Act required Appellant to file a Motion to Suppress. *See* 18 Pa.C.S § 5721.1(b),(c), (e). Moreover, any such Motion should have been filed within 30 days after arraignment pursuant to Pa.R.Crim.P. 579(A).[16] Appellant's eleventh-hour Motion *in Limine* was, thus, an improper vehicle for obtaining the relief he sought. Because Appellant failed to file a timely "motion to the court to suppress any evidence alleged to

---

[15] Appellant cites **Commonwealth v. Micklos**, 672 A.2d 796 (Pa. Super. 1996) (*en banc*), in support of this argument; however, we find Appellant's reliance on **Micklos** misplaced. In **Micklos**, the Commonwealth objected to an oral suppression motion presented by defense counsel at the close of evidence in the defendant's bench trial. **Micklos**, 672 A.2d at 802. At the time, the trial court "questioned the timeliness of the motion[,]" but "considered it in the interests of justice[,]" suppressed the Commonwealth's evidence, and dismissed the charges against the defendant. **Id.**

On appeal, this Court concluded that the trial court did not abuse its discretion in allowing the defendant to present an untimely motion to suppress after both parties had rested, but did abuse its discretion in "failing to provide the Commonwealth with an opportunity to re-open its case." **Id.** at 804. Our review of **Miklos**, indicates that, although it mentions the general concept of the "interest of justice," it is factually and procedurally dissimilar from the instant case and does not lend any support to the argument Appellant asserts in this appeal.

[16] Pa.R.Crim.P. 579(A) requires a defendant to file an Omnibus Pretrial Motion within 30 days after arraignment unless certain exceptions are met.

have been obtained in violation of [his] rights[,]" Appellant waived this issue. Pa.R.Crim.P. 581(A), (B).

We acknowledge that Appellant attempts to overcome his waiver problem by alleging that the "interests of justice," as provided in Pa.R.Crim.P. 578, should excuse his having failed to file an Omnibus Pretrial Motion to suppress the Commonwealth's evidence. Appellant's Brief at 9-10, *citing* Pa.R.Crim.P. 578.

Pa.R.Crim.P. 578 requires a defendant to include all pretrial requests for relief, including for the suppression of evidence, in one omnibus motion, "unless otherwise required in the interests of justice." Pa.R.Crim.P. 578, cmt.3. Although the rule specifically provides that "the omnibus pretrial motion is not intended to limit other types of motions," including motions in *limine*, it emphasizes that the "earliest feasible submissions" are encouraged. *Id.* at cmt.

Pa.R.Crim.P. 579 provides additional guidance on requests to suppress evidence. It requires a defendant to file an Omnibus Pretrial Motion within 30 days after arraignment unless any of the following three circumstances are present:

> (1) opportunity therefor did not exist; or
>
> (2) the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion; or
>
> (3) the time for filing has been extended by the court for cause shown

*See* Pa.R.Crim.P. 579(A).

Appellant does not argue in his Brief that he did not have an opportunity prior to September 13, 2016, to file a Motion to Suppress, that he or his attorney was not aware of grounds for a Motion to Suppress, or that the court permitted him an extension of time to file such Motion. Nor does he explain how consideration of his Motion *in Limine* is in the interests of justice beyond baldly claiming that errors of the kind in the court's Wiretap Order "may not be disregarded when one's fundamental constitutional rights are at stake." Appellant's Brief at 10.

Following our review of the record, we conclude that none of the Rule 579(A) circumstances, which would support Appellant's "interests of justice" argument, were present. There is nothing in the record to justify Appellant's failure to file an Omnibus Pretrial Motion to suppress the Commonwealth's evidence.[17]

Judgment of Sentence affirmed.

---

[17] We agree with the trial court that, given the record in this case, even if Appellant had not waived his issue on appeal, his claim would not merit relief because any errors in the Authorizing Order were harmless. ***See*** Trial Ct. Op., 3/29/16, at 8-9. ***See also Commonwealth v. Katze***, 658 A.2d 345, 348 (Pa. 1995) (confirming that this Court may employ a harmless error analysis when reviewing the admission of evidence obtained in violation of the Wiretap Act and noting that "a determination that an error is harmless is not an approval of the behavior which may have led to the error.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/18</u>