J-A20030-22

2023 PA Super 3

| OLIVIA G. CHILES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER E. MILLER | : | No. 45 EDA 2022 |

Appeal from the Judgment Entered December 3, 2021
In the Court of Common Pleas of Chester County
Civil Division at No: 2019-09795-TT

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

OPINION BY STABILE, J.:             **FILED JANUARY 6, 2023**

Appellant, Olivia G. Chiles ("Chiles"), appeals from the order entered in the Court of Common Pleas of Chester County on December 3, 2021, granting summary judgment in favor of Appellee, Christopher E. Miller ("Miller"). In this action seeking damages for disclosures of intercepted communications under 18 Pa.C.S.A. § 5725,[1] Appellant argues that the trial court committed error of law by granting summary judgment, because Miller's disclosures

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pursuant to 18 Pa.C.S.A. § 5725(a), any person whose wire, electronic, or oral communication is disclosed in violation of the Wiretap Act has a civil cause of action against any person who discloses such communication, and is entitled to recover damages from that person, including actual damages, punitive damages, and reasonable attorney's fees and costs incurred.

violated the Wiretapping and Electronic Surveillance Control Act ("the Wiretap Act"), 18 Pa.C.S.A. § 5701 *et seq*. Following review, we reverse and remand.

In **Karoly v. Mancuso**, 65 A.3d 301, 303-04 (Pa. 2013), our Supreme Court explained:

> [The Wiretap Act] is designed to protect individual privacy while also giving law enforcement authorities a tool to combat crime. The statute generally prohibits intercepting, using, or disclosing private communications except pursuant to specified procedures. . . . **The Act does, however, allow county correctional facilities to monitor and record inmate phone calls without any specific prior authorization**, so long as inmates are notified in writing and anyone calling into the facility is also told that his call may be monitored and recorded. **See** 18 Pa.C.S. § 5704(14). **Such facilities may divulge the recordings** only as necessary to safeguard the facility, in response to a court order, or **in the prosecution or investigation of a crime**. **See id. § 5704(14)(i)(C).**

**Id.** at 303-04 (emphasis added) (footnote omitted).

The trial court set forth the basis for granting summary judgment in a footnote to its December 3, 2021 order, stating:

> [Chiles'] complaint alleges a violation of [the Wiretap Act]. [Miller], who at the time of the incident was an Assistant District Attorney for Chester County, bases the instant motion on 18 Pa.C.S.A. § 5704(14)(i)(C) which provides that it shall not be unlawful for an investigative or law enforcement officer to divulge an oral communication or electronic communication from or to an inmate in a facility if, *inter alia*[,] it is necessary in the prosecution or investigation of any crime. In the instant motion, [Miller] makes the following arguments. [Chiles] was arrested and ultimately convicted of arson and endangering person and property for intentionally setting fire to property owned by the parents of her estranged husband. [Miller] was the Assistant District Attorney assigned to the case. While [Chiles] was awaiting trial and in preparation therefore, [Miller] lawfully obtained recordings of phone calls made by and to [Chiles] in prison. Those recordings lead [Miller] to believe that [Chiles] was planning to

fraudulently hide assets from her husband in their divorce proceedings as well as from his parents' insurance company. [Miller] then "took action to investigate those matters[."] He also contacted counsel for the husband's parents and provided him with the relevant recordings. He apparently also provided the relevant recordings to husband's divorce lawyer. [Miller] argues that his actions come within the above-mentioned exclusion to the [Wiretap Act].

In response, [Chiles] argues that [Miller's] actions violated 18 Pa.C.S.A. § 5717 which makes it lawful for any investigative or law enforcement officer to disclose the contents of any wire, electronic or oral communication obtained under that section to another investigative or law enforcement officer. However, [Miller's] disclosures were not made under this section. To the extent [Chiles] is arguing that [Miller] was not conducting an investigation into [Chiles'] alleged financial crimes while prosecuting her for arson, [Chiles] has provided no support for that allegation.

Trial Court Order, 12/3/21, at n. 1 (some capitalization omitted).[2]

Chiles filed a timely appeal from the trial court's December 3, 2021 order. Both Chiles and the trial court complied with Pa.R.A.P. 1925.

Chiles asks us to consider two issues in this appeal:

1. Did the trial court err as a matter of law in granting summary judgment, and disregarding settled precedent, where [Miller's] deposition testimony established that his disclosures of intercepted communications were unlawful and violated the Wiretap Act?

_____

[2] The trial court noted that Chiles' response to the summary judgment motion was filed eight days late. However, "[d]espite the apparent untimeliness of [her] response, we will review her opposition to the instant Motion." Trial Court Order, 12/3/21, at n. 1. *See also* Trial Court Rule 1925(a) Opinion, 2/24/22, at 1. Accordingly, we reject Miller's suggestion that we should find Chiles' issues waived on appeal for failure to file a timely response. *See* Miller's Brief at 6, 9-11.

2. Did the trial court err as a matter of law in holding that [Miller's] assertion, and his testimony, that his disclosures constituted "investigation" was sufficient to warrant summary judgment where the movant's testimony was used to establish a factual question on which he should properly bear the burden of proof, in violation of the Nanty Glo rule. ***Borough of Nanty-Glo v. American Surety Co. of New York***, 309 Pa. 236, 163 A. 523 (Pa. 1932)?

Appellant's Brief at 4.

In **Karoly**, our Supreme Court reiterated:

A motion for summary judgment will only be granted if there is no genuine issue concerning any material fact, and the moving party is entitled to judgment as a matter of law. ***See*** Pa.R.C.P. 1035.2; ***Wilson v. El–Daief***, 600 Pa. 161, 170, 964 A.2d 354, 359 (2009). An appellate court may reverse an order granting summary judgment where there is an error of law or an abuse of discretion. ***See Fine v. Checcio***, 582 Pa. 253, 265 n. 3, 870 A.2d 850, 857 n. 3 (2005). Because the question of whether a genuine issue of material fact exists is one of law, appellate review is de novo. ***See Buffalo Twp. v. Jones***, 571 Pa. 637, 644 n. 4, 813 A.2d 659, 664 n. 4 (2002). In undertaking such review, the record is viewed in the light most favorable to the non-moving party (here, [a]ppellant), and all doubts as to whether a genuine issue exists are resolved against the moving party. ***See Basile v. H & R Block, Inc.***, 563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000).

***Id.***, 65 A.3d at 308-09. We first consider whether the trial court committed an error of law in its interpretation of the Wiretap Act so as to warrant reversal of the order granting summary judgment.

With respect to the Wiretap Act, our Supreme Court has stated:

A statute, such as [the Wiretap Act], which is in derogation of a constitutional right, the right of privacy, must be strictly construed. This principle of strict construction was clearly enunciated by this Court in ***Commonwealth v. Hashem***:

*No* violations of *any* provisions of the Act will be countenanced, nor will the failure of prosecutors to diligently

> follow the strict requirements of the Act be lightly overlooked. We must remain steadfast in this determination because there can be no greater infringement upon an individual's rights than by an indiscriminate and unchecked use of electronic devices. Where, in the wisdom of the legislature, such devices may be authorized, as in the present act, that use will be strictly adhered to and jealously enforced; for the alternative, no privacy at all, is unthinkable.

> 526 Pa. 199, 206, 584 A.2d 1378, 1382 (1991) (emphasis in original).

**Boettger v. Miklich**, 633 A.2d 1146, 1148 (Pa. 1993).

In his motion for summary judgment, Miller argued that he is an investigative officer for purposes of the Wiretap Act and that Section 5704(14) permitted him to disclose the recordings of Chiles' prison conversations to a subrogation attorney for USAA and to the divorce attorney for Chiles' estranged husband because Miller "was investigating and prosecuting [Chiles] after she committed arson by burning down the Property." Motion for Summary Judgment at ¶¶ 22- 24.

Miller argued, correctly, that Section 5704 carves out exceptions to the general prohibitions against intercepting and disclosing communications. **Id.** at ¶ 16. He claimed his authority to disclose communications in the instant case is based on Section 5704(14)(i)(C), which, according to Miller, authorizes **disclosure by an investigative or law enforcement officer** of properly-recorded prisoner communications "only as necessary to safeguard the orderly operation of the facility, in response to a court order or in the prosecution or investigation of any crime." **Id.** at ¶ 18-19 (quoting 18 Pa.C.S.A.

§ 5704(14)(i)(C)). Miller noted that "an investigative or law enforcement officer" is defined in Section 5702 as "[a]ny officer of . . . the Commonwealth or political subdivision thereof, who is empowered by law to conduct investigations of or to make arrests for offenses enumerated in this chapter . . ., and any attorney authorized by law to prosecute or participate in the prosecution of such offense." *Id.* at ¶ 20 (quoting 18 Pa.C.S.A. § 5702).

Miller preemptively dismissed Chiles' anticipated reliance on Section 5717, which provides that disclosures may be made only to other law enforcement or investigative officers. *Id.* at ¶ 25. Without citation to authority in his motion, in his supporting brief, or in his brief filed with this Court, Miller proposed that citation to Section 5717 was a "red herring," and that he "need only rely on one exception to the Wiretap Act to justify his conduct, he need not prove or establish each of the numerous exceptions to the Wiretap Act." *Id.* at ¶¶ 25-28.

The trial court adopted Miller's reasoning, as reflected in the footnote from the court's order granting summary judgment quoted above. The trial court reiterated that rationale in its Rule 1925(a) opinion, finding among its "undisputed facts" that Section 5704(14)(i)(C) authorized Miller's disclosure. Trial Court Rule 1925(a) Opinion, 2/24/22, at 3-5. However, as reflected in the quoted excerpt from our Supreme Court's decision in *Karoly*, *i.e.*, providing that "[s]uch **facilities** may divulge the recordings," Section 5704(14)(i)(C) relates to the disclosure of communications by prison

- 6 -

authorities in county correctional facilities, as is borne out from the language of Section 5704(14), which provides:

> It shall not be unlawful and no prior court approval shall be required under this chapter for:
>
> . . .
>
> (14) **An investigative officer, a law enforcement officer or employees of a county correctional facility to** intercept, record, monitor or **divulge** an oral communication, electronic communication or wire communication from or to an inmate in a facility under the following conditions:
>
> > (i) **The county correctional facility shall adhere to the following procedures and restrictions when** intercepting, recording, monitoring or **divulging** an oral communication, electronic communication or wire communication from or to an inmate in a county correctional facility as provided for by this paragraph:
> >
> > . . .
> >
> > > (B) Unless otherwise provided for in this paragraph, **after intercepting** or recording an oral communication, electronic communication or wire communication, **only the superintendent, warden or a designee of the superintendent or warden or other chief administrative official or his or her designee, or law enforcement officers shall have access to that recording.**
> > >
> > > (C) **The contents of an intercepted and recorded oral communication, electronic communication or wire communication shall be divulged only as is necessary** to safeguard the orderly operation of the facility, in response to a court order or **in the prosecution or investigation of any crime.**

18 Pa.C.S.A. § 5704(14)(i)(B), (C) (emphasis added).

In the instant case, prison authorities complied with Section 5704(14)(i)(C) when they recorded Chiles' conversations and divulged them

to Miller in the course of his prosecution and investigation of the arson and reckless endangerment charges against Chiles. However, although the disclosure **to** Miller was governed by Section 5704(14)(i)(C), the subsequent disclosure **from** Miller was not governed by that section, but rather by Section 5717 (Investigative disclosure or use of contents of wire, electronic or oral communications or derivative evidence). As the Supreme Court recognized in **Karoly**, after the county detective in that case acquired the intercepted communication and properly shared it with an assistant district attorney, the detective and assistant district attorney "were subject to independent statutory limitations on its use and disclosure. Both use and disclosure are closely cabined by the Act, as set forth in Section 5717[.]" **Karoly**, 65 A.3d at 309.

Section 5717 provides, in pertinent part:

(a) Law enforcement personnel.--**Any investigative or law enforcement officer who,** under subsection (a.1), (b), (b.1) or (c), **has obtained knowledge of the contents of any wire, electronic or oral communication,** or evidence derived therefrom, **may disclose such contents or evidence to another investigative or law enforcement officer** to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

**(b) Evidence.--**Any person who by any means authorized by this chapter, has obtained knowledge of the contents of any wire, electronic or oral communication, or evidence derived therefrom, **may disclose such contents or evidence to an investigative or law enforcement officer** and may disclose such contents or evidence while giving testimony under oath or affirmation in any criminal proceeding in any court of this Commonwealth or of

another state or of the United States or before any state or Federal grand jury or investigating grand jury.

18 Pa.C.S.A. § 5717(a), (b) (emphasis added).

Although Miller qualifies as an "investigative or law enforcement officer" under Section 5702, his authority to disclose communications under Section 5717 is limited to disclosures to "another investigative or law enforcement officer." Here, the disclosures were made to two civil practitioners, one, an attorney for USAA who was pursuing a subrogation claim, and the other, a divorce attorney retained by Chiles' estranged husband. The trial court noted, "It is conceded that the civil lawyers to which [Miller] disclosed the intercepted calls are not investigative or law enforcement officers." Trial Court Rule 1925(a) Opinion, 2/24/22, at 3. That concession is consistent with the statutory definition of "investigative or law enforcement officer" because neither civil attorney is an "officer of the Commonwealth . . . empowered by law to conduct investigations of or to make arrests" nor an "attorney authorized by law to prosecute or participate in the prosecution of such offense." 18 Pa.C.S.A. § 5702. Nevertheless, the trial court dismissed application of Section 5717 and based its ruling on application of Section 5704(14)(i)(C). We conclude this was error.

As the Court in *Karoly* explained:

Subsection 5717(a.1) restricts the use that an investigative or law enforcement officer may make of communications obtained "by any means authorized by this subchapter," **including Section 5704**. An officer may only use intercepted communications as necessary "to the proper performance of his official duties." 18

Pa.C.S. §5717(a.1). Likewise, subsection 5717(a) provides that information obtained under subsection (a.1) or (b) may only be disclosed to other investigative or law enforcement officers, and only to the extent that such disclosure is appropriate to the official duties of the officer making or receiving the disclosure. See 18 Pa.C.S. §5717(a).

*Karoly*, 65 A.3d at 310 (emphasis added) (footnote omitted). Because Section 5717 applies, Miller's disclosure to the civil attorneys violated the Wiretap Act.

As the Supreme Court observed in *Karoly*:

Section 5717(a) only expressly allows officials to disclose intercepted communications to other investigative or law enforcement officers, and only to the extent such disclosure is appropriate to the proper performance of official duties. *See, e.g.,* [*Boettger v. Miklich*, 633 A.2d 1146, 1149 (Pa. 1993)] (finding that because Section 5717(a) only allows disclosure to investigative and law enforcement officers as defined in Section 5702 of the Act, it prohibits distribution to taxing authorities); *see also Dance v. Pa. State Police*, 726 A.2d 4, 8-9 (Pa. Cmwlth. 1999) (finding that, where a private conversation was intercepted to investigate possible criminal conduct by a police officer, its subsequent disclosure to a police internal affairs officer violated the Act).

*Id.* 65 A.3d at 311.

We find the trial court committed error of law by granting summary judgment based on application of Section 5704(14)(i)(C). Because Section 5717 governs here, and because Miller disclosed communications to persons who did not qualify as investigative or law enforcement officers under Section

5702, we reverse the grant of summary judgment and remand for further proceedings.[3]

Judgment reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2023

---

[3] Because our disposition of Chiles' first issue is dispositive, we need not address her second issue relating to issues of material fact and the **Nanty-Glo** rule.  Nevertheless, we do note that the trial court rejected Chiles' **Nanto-Glo** argument, finding Miller's motion was not based solely on Miller's deposition but rather also relied on facts from Chiles' pleadings, her criminal dockets, and emails to and from her counsel.  Trial Court Rule 1925(a) Opinion, 2/24/22, at 7.  However, each of those "facts" related to the interception of Chiles' conversations, not Miller's disclosure of them.  Disclosure, not interception, was at issue in Miller's motion and Chiles' opposition to it.  Therefore, the trial court's basis for rejecting Chiles' **Nanty-Glo** argument was flawed.